370.

[Civ. No. 10687. Second Appellate District, Division Two.—January 22, 1936.]

EULA B. LOVELACE, Appellant, v. ARTHUR M. FREE, Respondent.

George L. Hampton and W. W. Middlecoff for Appellant.

Lawrence W. Young for Respondent.

WOOD, J.—Judgment was rendered in favor of defendant upon his pleas that the statute of limitations barred plaintiff's action and that the matter had been previously adjudicated between the parties.

Plaintiff filed her complaint on May 19, 1933, in which she alleged that an agreement had been entered into between herself and defendant on or about July 29, 1925, whereby plaintiff would permit defendant to occupy her home and would render defendant various services such as furnishing him with board, personal care, nursing, etc., and in consideration thereof defendant agreed to treat plaintiff as a life employee. Plaintiff further alleged that ''in consideration of plaintiff's agreeing to perform such agreement on her part, and performing the same, during the joint lives of said parties, said A. M. Free agreed to and did treat plaintiff as a life employee, and agreed that he would transfer and in proper manner convey to her all the property then owned by him, or thereafter to be acquired by him, both real and personal, and did on or about the 2d day of April, 1926, execute and deliver to plaintiff an instrument in writing by which he disposed of all his property by will in favor of plaintiff, and thereafter on or about the month of November, 1931, he procured in conjunction with plaintiff a policy of life insurance from the defendant Aetna Life Insurance Company of Hartford, Connecticut, for $20,000.00 and agreed that said policy should belong to said parties for their joint support for their joint lives, and then go to the survivor of them''. It was further alleged that plaintiff permitted defendant to occupy her residence property as his home from April 2, 1926, until November 22, 1932, when defendant moved away from her home without her consent and refused to accept further performance of the agreement by plaintiff; that between the dates just mentioned plaintiff rendered the services in accordance with her agreement. In the prayer of the complaint plaintiff asked that defendant be enjoined from encumbering or disposing of his real estate and that a receiver be appointed to preserve the real property. Plaintiff also prayed for ''such judgment and decree in the premises as may be meet and in accordance with law and equity''.

An amendment to the complaint was filed on July 14, 1933, in which plaintiff set forth the life expectancy of both parties and the income of defendant, together with an allegation that if defendant had performed the contract according to its terms she would have received a maintenance for the balance of her life of the value of $60,000. In said amendment she also alleged: ''And the value of the services, rents, board

and other matters given by plaintiff in performance which plaintiff actually rendered to said Arthur M. Free as far as he permitted her to perform were of the value of $20,000; and the total damages suffered by plaintiff by reason of said acts of said defendant Arthur M. Free were and are the sum of $60,000.'' Plaintiff in this amendment added an additional prayer for judgment against defendant in the sum of $60,000. On November 24, 1934, plaintiff filed another amended complaint in which her causes of action were separately stated and in which she made the following allegation: ''That the reasonable value of the room, board, personal care, nursing, automobile transportation, driving, care of said defendant's clothing and linens, and other services and accommodations furnished said defendant by plaintiff, at his special instance and request as aforesaid, during the said time from April 2nd, 1926, until November 22nd, 1932, was and is the sum of Ten Thousand Dollars ($10,000.00).'' In this last-mentioned amended complaint plaintiff also alleged, in her first cause of action thereof, that she had advanced to defendant the sum of $4,000 as a part of the purchase price of a contract of annuity insurance. In her second cause of action in the last-mentioned amended complaint plaintiff reiterated the allegations contained in her original complaint. Before trial the first cause of action was dismissed by plaintiff.

Defendant by his answer pleaded the statute of limitations as a bar to plaintiff's action and also pleaded as a defense that the subject-matter of the action had been previously adjudicated.

The action came on for trial before a jury but the trial court excused the jury and entertained defendant's motion to dispose of the matter by first considering his motion to dismiss upon the two grounds hereinabove set forth. Defendant presented the judgment roll in another action between the parties and also the transcript of the testimony of the two parties given in the other action. Thereupon the court made an order sustaining the contentions of defendant and in the judgment in defendant's favor provided as follows: ''Now, therefore, by reason of the law it is hereby ordered, adjudged and decreed that defendant Arthur M. Free have judgment in the above entitled action on the grounds that said actions and all the material issues thereof have heretofore been adjudicated in the action entitled 'In the Superior Court of the

State of California, in and for the County of Los Angeles, *Eula B. Lovelace, plaintiff,* v. *Arthur M. Free et al., defendants,* No. 357301', and that said actions are barred by Section 339, Subdivision 1, of the Code of Civil Procedure of the State of California.''

█ The ruling of the trial court that plaintiff's action was barred by the statute of limitations cannot be upheld. Although it is true that the amended complaint in its final form, containing complete allegations properly set forth, was not filed until November 24, 1934, more than two years after defendant left the residence of plaintiff, it is also true that in July, 1933, and well within the statutory period, plaintiff amended her complaint by setting forth facts as a basis for demanding judgment for the value of the services performed, and asked judgment in a sum sufficient to include the value of the services. The allegations were not made in an approved manner and the cause of action was not separately stated, but they clearly served as a basis for the second amendment and prevented the running of the statute.

█ The trial court erred in ruling that the subject-matter of the action had been litigated in superior court action No. 357301. The record does not disclose the exact date of the filing of action No. 357301, but the verification of the complaint was made on May 16, 1933. It is apparent that the two actions were filed at approximately the same time. In action No. 357301 plaintiff sued defendant for $4,000 ''for moneys had and received from the plaintiff to and for her use''. Defendant in his answer in that action denied that he ''became indebted to plaintiff in the sum of $4,000 or any other sum or at all, for moneys had and received, or for any other matter, or at all''. The transcript of the testimony of defendant taken in action No. 357301 reads as follows: ''The defendant Arthur M. Free testified in said Action No. 357301, that he had received the sum of $4,000 from said plaintiff on or about the 24th day of September, 1931, and that in consideration thereof he released a deed of trust in the sum of $4,500.00 which he held and owned and which was an encumbrance on the home of said plaintiff Eula B. Lovelace.'' The testimony of plaintiff given in action No. 357301, as disclosed by the bill of exceptions in the case now before us, is as follows: ''Eula B. Lovelace testified that upon the return of defendant from a trip around the world,

that said defendant was a very sick man, and that he promised to will his entire estate to the plaintiff, and that the plaintiff rendered services to defendant, and that said services consisted of the use of the residence of said plaintiff by said defendant, and for the furnishing by plaintiff to said defendant of board and room, personal care, nursing, driving him in her automobile, looking after and caring for his clothes and linen, furnishing all of the linen for him in her home, and doing everything customarily done by a homemaker under the circumstances, and that plaintiff testified that her services were worth $10,000.00.'' The trial court in action No. 357301, in addition to finding untrue plaintiff's allegation that defendant became indebted to her for $4,000 ''for moneys had and received from the plaintiff to and for her use'', found that it was not true that plaintiff delivered $4,000 to defendant as part payment for an insurance policy. The said trial court also found that the plaintiff on September 24, 1931, delivered to defendant the sum of $4,000 ''as and for and in consideration of the said defendant releasing and canceling a Deed of Trust owned and held by said defendant, securing a Promissory Note in the sum of $4,500.00, on the home of said plaintiff at 817 Micheltorena street, Santa Barbara, California, and that on or about said day said Deed of Trust was released on said property, and said note was cancelled by said defendant''. Said trial court also found that ''it is not true that at the time of the said release of said Deed of Trust that said plaintiff and said defendant Arthur M. Free agreed that said Arthur M. Free would release said Deed of Trust and cancel said note in consideration of former services rendered by said plaintiff to said defendant Arthur M. Free, such as the use of the residence of said plaintiff by said defendant, and the furnishing by said plaintiff to said defendant of board and room, personal care, nursing, driving him in her automobile, looking after and caring for his clothes and linen, furnishing all of the linen for him in her home, and doing everything customarily done by a home maker under the circumstances''.

It will be noted that in action No. 357301 plaintiff sued in simple language for money had and received and defendant entered a simple denial to such allegation. The findings of the trial court in that action went far afield from the pleadings. It is not shown by the pleadings or by the findings that

the subject-matter of the present litigation was litigated between the parties. The court merely held in that action that the sum of $4,000 was not delivered as part of the purchase price for an insurance policy, but was paid to secure the release of a trust deed. It was expressly held that the release of the trust deed was not given in consideration of services which had been rendered by plaintiff. The issues as framed in action No. 357301 are manifestly different from the issue presented by the pleadings in the present case, and the findings of the court in the former action do not purport to pass upon the merits of the claim now presented by plaintiff.

Our attention has been called in the briefs on file to the case of *Lovelace* v. *Free*, 140 Cal. App. 264 [35 Pac. (2d) 342]. The judgment in that case was not pleaded in the present case and it is not now contended that it is a bar to this action.

The judgment is reversed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1936.