[L. A. No. 4728.   Department Two.—March 10, 1919.]

## H. L. BERRY, Appellant, v. EUGENE MOULIE, Respondent.

[1] APPEAL—UNAUTHENTICATED STATEMENT.—A proposed statement on appeal printed in the transcript, but not authenticated in any way, except that there is a minute order printed in the transcript, declining to settle the statement, cannot be considered.

[2] SPECIFIC PERFORMANCE — CONTRACT FOR DELIVERY OF SECRET FORMULAS—UNCERTAINTY.—Under the plain language of section 3390, subdivision 6, of the Civil Code, which provides that an agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable cannot be specifically

enforced, a contract to deliver the possession of secret formulas in writing for the manufacture of perfumes and toilet articles cannot be specifically enforced.

[3] Id.—Employment of Seller of Formulas — Contract not Enforceable.—Under section 3390, subdivision 2, of the Civil Code which provides that an obligation to employ another in personal service cannot be specifically enforced, a contract to deliver secret formulas in writing conditioned on employment of seller of formulas cannot be specifically enforced, for there is no mutuality of remedy.

APPEAL from an order of the Superior Court of San Diego County vacating a judgment and from the new judgment. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Utley & De Lorimier for Appellant.

Harrison G. Sloane for Respondent.

WILBUR, J.—Plaintiff and defendant entered into an agreement by which the plaintiff was to purchase from the defendant his business as a manufacturing chemist, and his secret formulas for manufacturing perfumes, soap, and other toilet articles. The contract was partly carried out, the business was moved from Jacksonville, Florida, to San Diego, California, and there established. A year later, difficulties having arisen between the parties, they entered into the contract dated June 30, 1915, which is the subject of this action, for the purposes of settling such differences. Plaintiff seeks to enforce this contract by a decree of specific performance. The case was tried and findings and judgment were entered in favor of the plaintiff. Subsequently, on motion of the defendant, under section 663 of the Code of Civil Procedure, the court vacated its judgment, changed its conclusions of law, and entered a new judgment. Plaintiff appeals from the order and from the new judgment. Appellant's proposed statement on appeal is printed in the transcript, but this statement is not authenticated in any way, except that there is a minute order of the court printed in the transcript, declining to settle the statement. [1] This statement cannot be considered on appeal. The contract is set up *in haec verba* in the findings. It will be necessary to call attention only to certain features thereof to show the impossibility of enforcing a specific

performance thereof. The defendant thereby transferred and assigned all of the property described in the previous agreement, dated June 17, 1914, and agreed, in addition thereto, upon payment of a certain sum of money, "to immediately deliver possession of all and singular the formulas, receipts and prescriptions in writing for the manufacture of perfumes and other toilet articles referred to in said contract of June 17, 1914, and herein referred to, and said party of the second part [the plaintiff] does hereby assume the control, ownership and management thereof and does hereby agree to carry on and conduct the business of the manufacture and selling of perfumes and other toilet articles referred to in said several contracts, and to employ the party of the first part [the defendant] as manufacturer of perfumes and other toilet preparations at a salary of $5 per day for each and every day's work that the said Eugene Moulie may perform in such capacity, such employment to continue until the said payments herein provided to be made by the said party of the second part are fully paid." Then follows the agreement that the parties "will treat each other with all due courtesy, respect and friendship and that any differences that have heretofore existed in the minds of either of them shall be forgotten and disregarded in their intercourse in business and that they will each endeavor to so conduct and deport themselves as to earn and secure the mutual respect and esteem of the other." The plaintiff agrees to employ a person "of sufficient intelligence to acquire a knowledge of said business but that such employment shall not be deemed permanent until the party of the first part [the defendant] shall have had an opportunity of testing the capabilities of such employee's fitness for his or her duties." It is further agreed that the plaintiff should have complete control of the business of selling and disposing of all the perfumes, etc., and that the sole function and duty of the defendant "shall be to prepare the said toilet articles and to distil and to prepare the said perfumes; in other words, his position shall be that of a manufacturing chemist of the articles and perfumes to be manufactured and prepared." Plaintiff agreed that he would use every effort to make the business profitable and successful and that he would carry the trademarks and name of " 'E. Moulie Floral Perfumery,' and that all perfumes and toilet articles prepared, manufactured,

and sold shall bear such name and trademark and that in the event that the business be sold one of the conditions of such sale shall be the perpetuation in the business as sold of the name of 'E. Moulie Floral Perfumery' and every trademark adopted by him.'' The court found as a fact "that defendant did not on the twenty-ninth day of June, 1915, have, nor has he since had, any written formulas, recipes, or directions for the manufacture of the perfumes, soaps, toilet articles, and preparations mentioned in said written agreement. That defendant is able to reduce the same to writing, but that he would in order to reduce the same to writing, be required to perform personal services and exercise his individual skill for a period of three weeks.'' The court also found that plaintiff was willing to employ the defendant, but that the defendant refused to perform any services whatsoever for the plaintiff. The difficulty of enforcing such a contract specifically is well illustrated by the first judgment entered in the case, wherein it was decreed that the defendant within thirty days should "write out or cause to be written out and authenticated when so written out 150 formulas, recipes, and prescriptions for the manufacture of perfumes and other toilet articles mentioned in, and referred to, in said contract dated the twenty-ninth day of June, 1915, and that he shall deliver the same to said plaintiff.'' It was provided that upon writing out such formulas defendant was to receive $1,622, but in the event that he did not do so, the plaintiff should be released from the payment of that amount. The defendant was also enjoined from engaging in the business of manufacturing perfumes, etc., within the state of California for the period of five years. [2] Under the plain language of section 3390 of the Civil Code, the agreement could not be specifically enforced. That portion of the decree which sought to compel the defendant to deliver or write out secret formulas is impossible of enforcement. The agreement to deliver such formulas was "an agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable.'' (Civ. Code, sec. 3390, subd. 6.) The contract itself was uncertain as to the secret formulas, and apparently the evidence was equally so. The secrets remained within the breast of the defendant, and he alone would know whether or not he had complied with the judgment which re-

quired him to deliver the formulas. The agreement specifically provided for the employment of the defendant at $5 a day. This agreement "to employ another in personal service" could not be specifically enforced by the defendant. (Civ. Code, sec. 3390, subd. 2.) [3] That being true, there was no such mutuality of remedy as would permit specific performance. (*Stanton* v. *Singleton*, 126 Cal. 657, [47 L. R. A. 334, 59 Pac. 146] ; *Los Angeles etc. Development Co.* v. *Occidental Oil Co.*, 144 Cal. 528, [78 Pac. 25] ; *Pacific Electric Ry. Co.* v. *Campbell, etc.*, 153 Cal. 116, [94 Pac. 623].) Without further discussion it is apparent that the first judgment was not supported by the findings. It appears from the recitals in the new judgment that when the court announced its order vacating the previous judgment, the parties in open court in effect assented to a judgment which was not authorized by the findings or by the pleadings, and is only proper because of that consent. The judgment recites: "Thereupon in open court plaintiff, through his attorneys Utley & De Lorimier, demand that they be relieved from all further dealings with said defendant, and that all plaintiff's obligations under that certain contract hereinafter mentioned be canceled and set aside, said defendant through his attorney Harrison G. Sloane, consenting thereto, on condition that defendant also be relieved of all further dealings with said plaintiff, and that all his obligations under said contract be canceled and set aside." Wherefore it was decreed, "That the plaintiff H. L. Berry is entitled to rescind said contract of June 29, 1915. That neither the obligations of defendant nor the plaintiff under said contract can be specifically enforced. That plaintiff H. L. Berry is entitled to be relieved and he is hereby relieved of all further obligations under said contract and of all the future conditions specified therein. That defendant E. Moulie is entitled to be relieved, and he is hereby relieved, of all further obligations under said contract and of all the future conditions specified therein. That each of said parties hold and retain such moneys or material goods as they now have in their possession." As we have already said, the statement on appeal cannot be considered. Therein it is sought to show that there was some error in these recitals in the judgment, and that as a matter of fact plaintiff did not consent to such provisions. Upon the record before us,

we must hold that that portion of the judgment now objected to was entered by consent.

The order and judgment appealed from are affirmed.

Lennon, J., and Melvin, J., concurred.