[Civ. No. 1284. Fourth Appellate District.—July 31, 1934.]

EULA B. LOVELACE, Appellant, v. ARTHUR M. FREE et al., Respondents.

Leland Crawford and Walter W. Middlecoff for Appellant.

Lawrence W. Young for Respondents.

JENNINGS, J.—The plaintiff in this action, by her original complaint, sought the aid of equity to enforce an alleged agreement of the defendant Arthur M. Free to devise to her certain real property and to continue in force unmodified a certain joint policy of life insurance issued on the lives of plaintiff and said defendant.

The facts alleged by the original complaint are substantially as follows: On July 29, 1925, the plaintiff and said defendant Arthur M. Free entered into an agreement

whereby it was provided and agreed that during the joint lives of said persons the plaintiff would permit Free to occupy her home as his home and that she would render to him services in furnishing him with a home, board, personal care, nursing, driving him in her automobile, caring for his clothing, and rendering such other service of a similar nature as he might desire or should require and in consideration of plaintiff's promise to perform such agreement on her part the said defendant Arthur M. Free agreed that he would treat plaintiff as a life employee and that he would transfer and convey to her all property which he then owned or might thereafter acquire and in accordance with his agreement on April 2, 1926, he did execute and deliver to plaintiff a written instrument whereby he disposed of all of his property in favor of plaintiff and thereafter in the month of November, 1931, in conjunction with plaintiff he procured a policy of life insurance in the amount of $20,000 and agreed that said policy of life insurance should belong to said parties for their joint support during their joint lives and should thereafter become the property of the survivor "and such agreement is still in force, as plaintiff is informed and believes, except as modified, without the consent of plaintiff by some provision in said policy in favor of said defendants Maude Hawke and Florence Stockton Free". It is also alleged in said complaint that it was agreed that the defendant Arthur M. Free would manage and preserve the principal sum of all property which he owned or should thereafter acquire and that from April 2, 1926, the plaintiff should have the same and an equal right, title, and ownership in all his property as was held by said Arthur M. Free.

The complaint further alleged that in performance of her part of the agreement the plaintiff permitted Free to move into and to occupy her residence as his home; that from April 2, 1926, she furnished him with board, personal care, nursing, automobile transportation, care of his clothing, and such other service as is generally provided in a home until November 22, 1932, when, without her consent he left her home and refused thereafter to accept further performance of the agreement by her and himself refused to perform his part of the agreement.

The complaint also alleged that the defendant Arthur M. Free in performance of his agreement had executed and delivered to plaintiff a will in her favor devising and bequeathing to her all of his property and had agreed that he would not revoke or modify said will, but that she had been informed and believed and therefore alleged that he had attempted to revoke the will in a manner unknown to her.

A further allegation contained in the complaint set out that the defendant Free had accepted performance by plaintiff of all terms of the agreement for more than six years; that it was a part of said agreement that said defendant would, during the joint lives of plaintiff and said defendant, give to plaintiff the benefit of his society, comfort and companionship; that the agreement was just and reasonable as to both parties thereto and that each party had received an adequate consideration for the performance of the covenants and agreements which were to be performed by such party.

The final allegation of the complaint was to the effect that plaintiff had been informed and believed that unless restrained the defendant Arthur M. Free and the other defendants would cancel or change the policy of insurance in such manner as to defeat the rights of plaintiff thereunder and would transfer, encumber or otherwise dispose of the real property owned by the defendant Free and thereby prevent plaintiff from completely obtaining the rights therein to which she was entitled by virtue of the above-mentioned agreement; that "plaintiff has no plain, speedy or adequate remedy in the ordinary course of law; and said defendant A. M. Free will be unable to respond in damages except out of said property now owned by him, and plaintiff as above described".

The prayer of the complaint was for the issuance of (1) a temporary injunction pending trial of the action restraining the defendants from changing or modifying the insurance policy and from revoking or modifying the will; (2) a permanent injunction restraining the defendants from encumbering or disposing of the real property owned by the defendant Arthur M. Free, without plaintiff's consent or the consent of the court, and that the court either by injunction or by receiver preserve the real property for those

interested therein and particularly preserve plaintiff's rights therein to which she was entitled by virtue of the agreement between her and Free and if necessary the court should divide and partition the said real property.

To this complaint the plaintiff filed three amendments. One of such amendments alleged that the value of the real property owned by the defendant Arthur M. Free, as described in the complaint, was and is the sum of $60,000. Another of such amendments alleged that it was made in compliance with section 447 of the Code of Civil Procedure, and stated that the plaintiff would rely in part upon written instruments and that two of such instruments were the life insurance policy and the will of Arthur M. Free, both of which instruments were mentioned in the complaint. The third amendment alleged that at the time when the agreement between plaintiff and defendant Free was made the plaintiff was thirty-five years of age and had an expectancy of thirty-two years and the defendant Free was forty-seven years of age and had an expectancy of twenty-three years and that each party to the agreement was in a normal state of health; that at said time defendant Free was a competent dentist and was in receipt of an annual income of more than $5,000; that plaintiff had practically no income but was the owner of a home and that she had been trained in housekeeping, in practical nursing and as a dentist's assistant. This amendment also contained the following allegation: ''That if Arthur M. Free had performed the terms of said contract on his part and permitted plaintiff to perform the same on her part for the balance of the agreed term thereof, plaintiff would have received therefrom support and maintenance for the balance of her life, which would have been of the value of $60,000, and by reason of the acts of said Arthur M. Free, she has been deprived of said support and maintenance to her damage in the sum of $60,000.00; and the value of her services, rents, board and other matters given by plaintiff in performance which plaintiff actually rendered to said Arthur M. Free as far as he permitted her to perform were of the value of $20,000.00; and the total damages suffered by plaintiff by reason of said acts of said defendant Arthur M. Free were and are the sum of $60,000.00. WHEREFORE, plaintiff in addition to the relief prayed for in her original complaint herein prays

judgment against defendant Arthur M. Free for the sum of $60,000.00.''

To the complaint the defendants Maude Hawke and Florence Stockton Free filed a general demurrer. The defendant Arthur M. Free filed a demurrer, both general and special, to the complaint and to the amendments thereto. The general demurrer of defendant Arthur M. Free on the ground of failure of the complaint and amendments to state a cause of action was sustained and the special demurrer of said defendant was sustained as to certain specified paragraphs of the complaint. The general demurrer of the two other defendants was likewise sustained. The plaintiff was granted ten days within which further to amend her complaint. This privilege of further amendment plaintiff did not accept and upon the expiration of the time limited judgment was entered in favor of the above-mentioned defendants. From this judgment the plaintiff has prosecuted the present appeal.

The problem which is here presented is therefore the sufficiency of the complaint together with the various amendments thereto. In considering this problem certain fundamental principles are applicable. ▇ In the first place it is clear that appellant would not have been entitled to specific performance of the agreement set out in the complaint. The pleading disclosed that the agreement was one whereby appellant engaged to render personal services to respondent Arthur M. Free. Application of the familiar equitable rule that contracts for personal services where full performance is dependent upon the will of the person agreeing to furnish such services are not specifically enforceable would effectually prohibit the equitable relief of specific performance in this action (*Roy* v. *Pos,* 183 Cal. 359 [191 Pac. 542]).

▇ It is likewise equally clear that the remedy of injunction to restrain a threatened breach of the contract alleged in the complaint would not be authorized (*O'Brien* v. *O'Brien,* 197 Cal. 577, 588 [241 Pac. 861]). Section 526 of the Code of Civil Procedure provides that an injunction cannot be granted to prevent the breach of a contract whose performance is not specifically enforceable. Subdivision 5 of section 3423 of the Civil Code is to the same effect.

▇ It is also apparent that appellant would not be entitled to a judgment against respondent Arthur M. Free, in the amount of $60,000 as prayed for in the amendment

filed to the complaint, such amount being the alleged value of the real property owned by said respondent at the time the agreement which formed the basis of the action was made. This is evident since we are here dealing with a controversy *inter vivos*. Appellant may not survive respondent Arthur M. Free. If she does not whatever rights she might have under the agreement described in the complaint would expire with her (*O'Brien* v. *O'Brien, supra*).

It is, however, the final contention of appellant that her complaint, together with the amendments filed thereto, sufficiently alleged a cause of action for damages in the amount of $20,000 suffered by her in the furnishing of board, lodging and services to the respondent Arthur M. Free during the period of approximately six years when he resided in her home and accepted such service. ■ In advancing this contention appellant relies upon the established rule that since there is but one form of action in California a demurrer to a complaint on the general ground of insufficiency of facts must be overruled if it can be discovered from the allegations of the pleading that a cause of action for relief, either legal or equitable, is therein contained (*Pascoe* v. *Morrison*, 219 Cal. 54 [25 Pac. (2d) 9]).

■ The only allegation which appears in any of the various pleadings filed by appellant which refers to the value of the lodging, board and services furnished by appellant to Arthur M. Free is contained in the first amendment to the complaint and is in the following language: "And the value of the services, rents, board and other matters given by plaintiff in performance which plaintiff actually rendered to said Arthur M. Free as far as he permitted her to perform were of the value of $20,000.00." It is significant that this language occurs in a paragraph wherein it is alleged that if respondent Arthur M. Free had permitted appellant to perform her part of the contract and if he had performed his agreement she would have received therefrom support and maintenance for the balance of her life which would have been of the value of $60,000 and that the total damages suffered by her by reason of the action of said Arthur M. Free were and are the sum of $60,000. It is also significant that the prayer appended to the amendment in which the above-quoted language appears is for a judgment against

respondent Arthur M. Free in the amount of $60,000. It is clear, therefore, that no separate cause of action for the alleged value of the services including board and lodging is set out in the complaint and the various amendments filed thereto. It is also obvious that there is no sufficient allegation of a cause of action for the reasonable value of the services, board and lodging contained in the pleadings.

█ Finally, if it may be assumed that the above-quoted language sufficiently complies with the rules of pleading to entitle it to be considered as a proper allegation of a common count of indebtedness for the value of the services, board and lodging it is fatally defective in that the fact of nonpayment is nowhere alleged. For all that appears on the face of the pleading the respondent Arthur M. Free may have fully paid for the board, lodging and services furnished to him during the time he resided in appellant's home. It is an established rule of pleading that a complaint which alleges an obligation to pay money must contain an averment that the money has not been paid (*Richards* v. *Travelers Ins. Co.*, 80 Cal. 505 [22 Pac. 939]; *Melone* v. *Ruffino*, 129 Cal. 514, 519 [62 Pac. 93, 79 Am. St. Rep. 127]; *Jacuzzi* v. *Jacuzzi*, 38 Cal. App. 533, 534 [176 Pac. 872]; *Smith* v. *Chin Chew*, 81 Cal. App. 704 [254 Pac. 599]).

The judgment from which this appeal has been taken is therefore affirmed.

Barnard, P. J., concurred.

Marks, J., being absent, did not participate herein.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 27, 1934.