THE COURT.
 

 Motion to dismiss appeal.
 

 Following trial, an interlocutory decree of divorce was entered in this action in favor of the plaintiff-husband and against the defendant-wife, the latter, however, being awarded, in addition to one-half of the community property, certain alimony, counsel fees and costs. Pursuant to and within the time prescribed by the provisions of section 663 of the Code of Civil Procedure, plaintiff moved to set aside and vacate the conclusions of law and to substitute another and different judgment consistent with the findings of fact. The motion was granted, the conclusions of law were modified and a new and different judgment was entered in which no reference was made to alimony, counsel fees or costs. This new and different judgment was entered on December 12, 1935. Within ten days after service of notice of entry thereof and on December 23, 1935, the defendant-wife moved for a new trial. The motion was dismissed by the trial court on February 6, 1936, for an assumed lack of jurisdiction. Thereafter and on February 13, 1936, the defendant-wife noticed an appeal from the new and different judgment. Inasmuch as the motion to dismiss now before us is directed solely at said appeal, we make no mention of any other appeal in the cause.
 

 
 *155
 
 In our opinion, the motion must be denied. There can be only one final judgment in an action. If for any reason a judgment is vacated and another and different judgment is entered in lieu thereof, as was the case here, the new and different judgment becomes the only judgment in the case. It furnishes the sole guide as to the respective rights and obligations of the parties to the action and is the judgment referred to in section 659 of the Code of Civil Procedure, wherein it is provided that new trial proceedings must be instituted “within ten (10) days after receiving written notice of the entry of
 
 the judgment”.
 
 We entertain no doubt as to the appealability of such new and different judgment nor as to the extension of time for such appeal resulting from a subsequently and seasonably instituted proceeding for new trial. The following eases suggest the propriety of our conclusions:
 
 Karsh
 
 v.
 
 Superior Court,
 
 124 Cal. App. 373, 376 [12 Pac. (2d) 658];
 
 Bond
 
 v.
 
 United Railroads,
 
 169 Cal. 273 [146 Pac. 688];
 
 Mc-Nutt
 
 v.
 
 City of Los Angeles,
 
 187 Cal. 245, 257 [201 Pac. 592];
 
 Berry
 
 v.
 
 Moulie,
 
 180 Cal. 137 [179 Pac. 686];
 
 Gillanders
 
 v.
 
 Da Silva,
 
 212 Cal. 626, 627 [299 Pac. 722];
 
 McCaleb
 
 v.
 
 McCaleb,
 
 177 Cal. 147, 148 [169 Pac. 1023].
 

 In the instant case the new trial proceeding was instituted within ten days after service of notice of entry of the new and different judgment and was therefore within time. (Sec. 659,
 
 supra.)
 
 The filing of the notice of appeal from said judgment occurred within thirty days after termination of the new trial proceeding and likewise was within time. (Sec. 939, Code Civ. Proc.)
 

 The movant has also appended to the prayer of his motion to dismiss a request that we “affirm the actions of the trial court” in vacating the original judgment and entering another and different judgment. He does not, however, on this proceeding undertake to justify the entry of an interlocutory decree of divorce in his favor, an issue also subject to review upon the defendant-wife's appeal from such decree. We shall not, therefore, treat the motion as one to affirm under section 3 of Rule V but shall allow the appeal to take its regular course.
 

 The motion is denied.