[Civ. No. 6398.   Third Appellate District.—October 18, 1940.]

KATE A. ZARING, Appellant, v. BEN H. BROWN, as Administrator, etc., Defendant and Respondent; MARY ELLEN HEGARTY et al., Interveners and Respondents.

James W. Bell for Appellant.

J. H. O'Connor, County Counsel, A. Curtis Smith and Wm. E. Lamoreaux, Deputy County Counsel, Mathes & Sheppard and George R. Richter, Jr., for Respondents.

THOMPSON, J.—The plaintiff has appealed from a judgment rendered against her in a suit to establish a trust in the public administrator, as representative of the estate of Robert H. Barry, deceased, based upon an alleged executed agreement to bequeath the property of his estate by will to the plaintiff in consideration of services performed in maintaining and caring for the deceased during his lifetime.

The complaint alleges that the plaintiff is a widow who conducted a lodging house in Los Angeles, where Robert H. Barry resided, for several years prior to his death; that he was fifty-seven years of age, and an invalid as the result of paralysis; that he possessed stocks, bonds and money of the aggregate value of $15,000; that in August, 1934, he orally agreed with plaintiff to bequeath to her his entire estate by will in consideration for her personal care and attention during the remainder of his life; that she fully performed that service until the time of his death on March 9, 1937; that pursuant to said oral agreement Mr. Barry did, in October, 1934, execute and exhibit to plaintiff his holographic will wholly written, dated and signed by him, by the terms of which he bequeathed all of his property to her; that the testator retained said will, and after his death it could not be found and that the plaintiff has no knowledge as to whether the will was subsequently revoked or destroyed.

The public administrator filed his answer to the complaint, denying the material allegations thereof and specifically pleaded that the action was barred by the provisions of section 1973, subdivision 6, of the Code of Civil Procedure, and by the statute of limitations.

By leave of court, six nieces and nephews of the deceased filed in said action their answer and complaint in intervention, denying the material allegations of the complaint, alleging that the deceased died intestate possessed of stocks, bonds and money of the aggregate value of $15,000; that they are his only heirs and therefore entitled to inherit the entire estate. The complaint in intervention then asserted that plaintiff's suit was barred by both the provisions of the statute of frauds and the statute of limitations. For failure to answer the complaint in intervention the defaults of the plaintiff and the public administrator were duly entered prior to the time of trial. No judgment by default was, however, rendered pursuant to section 585 of the Code of Civil Procedure. All parties participated in the trial without objection. Oral and documentary evidence was adduced.

Over the objection of the respondents the plaintiff was permitted to testify to the oral agreement of Mr. Barry to bequeath to her his entire estate in consideration for her care and attention during his lifetime. Two witnesses, one of whom is the son of plaintiff and the other her nephew, testified that in October, 1934, two and a half years before his death Barry exhibited to them his holographic will by the terms of which he had bequeathed his property to plaintiff. One of the witnesses, Clyde Blunt, said that the will was in the handwriting of the testator, but that he could not testify that it was dated. He signed the document as a witness at the request of the testator. The other witness testified that the instrument was wholly written, dated and signed by the testator. There was no other evidence of the execution of that will. The record is devoid of evidence in compliance with section 350 of the Probate Code that the will was in existence "*at the time of the death* of the testator". It was not found in his safe deposit box, and no witness testified to having seen it or having heard of it after it was shown to the son and to the nephew of the plaintiff in 1934. A thorough search for the instrument failed to disclose its whereabouts.

No petition was filed to probate the instrument as a lost will. It is not contended the evidence was sufficient to admit the instrument to probate as a lost will. The complaint was brought against the public administrator in his representative capacity and not otherwise. It sought to establish a trust only in that portion of the estate which remained after the

debts and expenses of administration had been first paid. It sought to establish a trust *subject to administration of the estate*. No claim was presented against the estate as provided by section 716 of the Probate Code.

The court adopted findings against the plaintiff on every material issue involved in the pleadings. It found that Robert H. Barry died intestate March 9, 1937, possessed of personal property in Los Angeles of the value of $13,000, leaving as his only heirs the six nieces and nephews mentioned in the complaint in intervention; that the decedent was never married; that upon proceedings duly had, Ben H. Brown, the public administrator of Los Angeles County, was appointed and qualified as administrator of the estate, the probating of which is now pending in the superior court of that county; that the decedent was not suffering from a paralytic stroke nor was he an invalid as alleged in the complaint; that he was not in need of the personal care or attention of plaintiff; that he did not orally or otherwise agree with plaintiff to bequeath or will to her his property in consideration for her personal care and attention; that the deceased did not execute a will, either in his own handwriting or otherwise, bequeathing to the plaintiff his property or any part thereof; that no such will was exhibited or read to the plaintiff, and that her cause of action is barred by the provisions of section 1973, subdivision 6, of the Code of Civil Procedure. As conclusions of law the court determined that the complaint fails to state facts sufficient to constitute a cause of action; that there was no part performance of the alleged oral agreement sufficient to take the cause out of the statute of frauds; that the interveners were not estopped from invoking that statute, and that the plaintiff is entitled to take nothing by her action. From the judgment which was rendered in accordance with the findings, this appeal was perfected.

The alleged oral agreement of Robert H. Barry to bequeath his property by will to the plaintiff, in consideration for her personal care and attention during the remainder of his lifetime, was unenforceable and invalid. (Sec. 1973, subd. 6, Code Civ. Proc.). No memorandum of such an agreement was ever executed or signed by the party to be charged.

The plaintiff's remedy for a breach of the alleged oral agreement to will to her the property of the deceased, in

consideration for personal services rendered, under the circumstances of this case, was a suit in *quantum meruit* for the value of such services. (*De Mattos* v. *McGovern,* 25 Cal. App. (2d) 429 [77 Pac. (2d) 522]; *Wax* v. *Adair,* 16 Cal. App. (2d) 393 [60 Pac. (2d) 904]; 106 A. L. R. 753, note.) This was not a suit for the value of the services performed.

The facts in the late case of *De Mattos* v. *McGovern,* above cited, were, in all essential respects, similar to those of the present action. That case determines every material issue of this case adversely to the appellant. The De Mattos case was an equitable proceeding against the administrator and heirs of a deceased person, seeking to enforce specific performance of an oral agreement to will one-third of the property of the promisor in consideration of personal services to be rendered. The complaint alleged that, in compliance with the contract, a will had been actually executed, but that it had not been found, and upon the contrary that it was either lost or destroyed. No claim was filed in the estate. A demurrer was sustained on the ground that the complaint failed to state facts sufficient to constitute a cause of action. From the judgment which was accordingly rendered, an appeal was perfected. That judgment was affirmed.

Three questions were propounded on appeal, as follows: (1) May an executed oral agreement to will property in consideration for personal services be enforced in equity notwithstanding the provisions of section 1973, subdivision 6, of the Code of Civil Procedure? (2) Did the complaint state a good cause of action? and, (3) Was the filing of a claim a necessary prerequisite to the maintenance of the action?

Those questions were all answered adversely to the appellant. The determination of those issues by the court in that case is conclusive on this appeal.

█ In a suit against the estate for services performed, under the circumstances of this case, it was a necessary prerequisite that a claim therefor should first be presented as required by section 716 of the Probate Code. (*De Mattos* v. *McGovern, supra; Morrison* v. *Land,* 169 Cal. 580, 585 [147 Pac. 259].)

█ The execution of an holographic will two and a half years before the death of the testator, bequeathing the property to plaintiff, which instrument is revocable and was either lost or destroyed and in which no reference was made to the

contract, is not such performance of the oral agreement as will relieve it from the provisions of section 1973 of the Code of Civil Procedure. It is not claimed the terms of that will complied with the requirements of the statute. It did not refer to the oral agreement in any manner whatever. It must be assumed, as the court found, that the will was not executed, or it is evidence that it was subsequently lost or destroyed by the testator. ■ There was no effort to probate the instrument as a lost will. To do so, it would have been necessary to have proved that it was in existence "at the time of the death of the testator". (Sec. 350, Probate Code.) No such evidence was adduced. Moreover, that section requires the provisions of a lost will to be established "by at least two credible witnesses" to entitle it to be admitted to probate. ■ In the present case only one witness testified to the essential fact that the instrument was *dated* in the handwriting of the testator. The evidence is insufficient to establish the fact that a valid holographic will was ever executed.

In the De Mattos case, *supra,* the court said that "the execution of the will is not part performance of the alleged contract. (*Notten* v. *Mensing,* 3 Cal. (2d) 469 [45 Pac. (2d) 198].) The right to revoke a will lies with the testator until the time of his death and unless limited by an agreement in writing, equity cannot intervene".

The court specifically held in that case that the contract was invalid under the provisions of sections 1624 of the Civil Code and 1973 of the Code of Civil Procedure, because it was not in writing, signed by the party to be charged. Several authorities were cited in support of that conclusion. The court said in that regard:

"An oral agreement to make a will or to leave property by deed in compensation for services rendered, or to be rendered, is not enforceable as such. The remedy is one in *quantum meruit* for the value of the services rendered. . . .

"There is, however, complete harmony in the cases holding to the rule that, where the oral contract to compensate by will was made in consideration of services rendered or to be rendered, the promisee's remedy is one at law to recover the reasonable value of his services. It is equally well settled that before the promisee may maintain an action for that purpose he must file a claim against the estate. (*Morrison* v. *Land,* 169 Cal. 580, 585 [147 Pac. 259].)

■ Reputable authorities in many jurisdictions, including California, have held that a suit in equity to enforce an oral contract to will property in consideration for ordinary personal services to be performed, which are susceptible of pecuniary compensation, may not be enforced because there is a clear remedy at law in a suit on *quantum meruit* for the reasonable value of the services. (*Morrison* v. *Land, supra*; *Long* v. *Rumsey,* 12 Cal. (2d) 334 [84 Pac. (2d) 146].) ■ In the present case the personal services of an ordinary lodging-house proprietor rendered in the performance of mere unprofessional care and attention to a sick man, are readily susceptible of pecuniary compensation. Under such circumstances there is no occasion for equity to intervene.

For the foregoing reasons the judgment is affirmed.

Jones (G. S.), J., *pro tem.,* and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 15, 1940.