[Civ. No. 14746. Second Dist., Div. One. June 18, 1945.]

Estate of WILLIAM CRAWFORD, Deceased. ANTOIN-
ETTE MILBURN CRAWFORD, Appellant, v. H. C.
MILLSAP et al., Respondents.

John J. McMahon for Appellant.

William Ellis Lady for Respondents.

DRAPEAU, J. pro tem. — Decedent left a last will dated January 3, 1944. Appellant filed a contest thereto, which was heard by the probate court. The court found that the decedent died without issue; that the will was not the result of undue influence, and that a prior will dated March 23, 1943, was not entitled to probate.

The prior will named contestant Antoinette Milburn Crawford as the sole beneficiary and appointed her executrix with-

out bond. Contestant alleged that this will was made in consideration of her marriage to decedent and that he promised her he ''would bequeath to her all his property and estate upon his death.'' The court found that such promise, if any, was not in writing.

The court further found that decedent was competent to make the will dated January 3, 1944; that it was duly executed as provided by law, and that it was in every respect entitled to probate. It expressly revoked all former wills and codicils and gave all of decedent's property to strangers, to the exclusion of contestant and nominated his attorney executor.

Judgment was rendered denying probate of the prior will, and order followed admitting the last will to probate. From this judgment and order contestant has appealed.

These facts have been taken from the clerk's transcript, the appeal being upon the judgment roll alone. Therefore, the findings are conclusively presumed to be supported by the evidence and are to be liberally construed. (*Menghetti* v. *Dillon,* 10 Cal.2d 470 [75 P.2d 596]; *Middleton* v. *Parsons,* 22 Cal.App.2d 250 [70 P.2d 515].)

Appellant urges that the execution of the will and its delivery to her together with his promise constituted an irrevocable contract not to revoke. The right to revoke a will lies with the testator until the time of his death unless limited by an agreement in writing. (*De Mattos* v. *McGovern,* 25 Cal. App.2d 429 [77 P.2d 522].) Two wills standing alone do not prove the existence of an alleged collateral agreement between the spouses not to revoke. (*Notten* v. *Mensing,* 20 Cal. App.2d 694 [67 P.2d 734].) The appeal being presented on the judgment roll, there is no testimony to support the contention that there was any agreement making the prior will irrevocable. Moreover, it is conceded that such agreement as there might have been was oral and not in writing. This would be invalid and unenforceable in any event. (Civ. Code, § 1624, subd. 6; *Zaring* v. *Brown,* 41 Cal.App.2d 227 [106 P.2d 224].)

Appellant suggests, however, that the proponent of, and the beneficiaries under the will are estopped to urge the bar of the statute. It is true that in some cases involving wills estoppel may be applicable. (*Notten* v. *Mensing,* 3 Cal.2d 469 [45 P.2d 198]; *Sonnicksen* v. *Sonnicksen,* 45 Cal.App. 2d 46 [113 P.2d 495]; and cases therein cited.) But estoppel, like fraud, must be proved, and in the absence of such proof

the allegation falls. (*Notten* v. *Mensing,* 20 Cal.App.2d 694 [67 P.2d 734].) There being no proof of estoppel on this appeal, the findings will prevail.

The judgment and order are affirmed.

York, P. J., and Doran, J., concurred.