[Civ. No. 19019.   Second Dist., Div. Three.   Nov. 18, 1952.]

JENEVERE E. TOMPKINS, Respondent, v. ADALINE HOGE, Appellant.

George R. Maury for Appellant.

Bodkin, Breslin & Luddy for Respondent.

SHINN, P. J.—Plaintiff brought this action for a declaration of her rights under an agreement, partly oral and partly written, with her aunt, Adaline Hoge, a widow, referred to as defendant. The alleged agreement was a promise by defendant that if plaintiff would come from New York State and live in the home of defendant, keep house, cook, care for and look after said Adaline Hoge and her then husband, William H. Hoge, during the remainder of their lives, they and each of them would provide a home and a good living for plaintiff, and that upon their deaths they would devise and bequeath all of their property, real, personal and mixed, to plaintiff, and plaintiff would receive all of their property upon their deaths; defendant and her husband were then in poor health and defendant was gradually going blind. Plaintiff, relying upon such promises, accepted defendant's offer. Defendant's husband died before plaintiff left New York but defendant stated to plaintiff that if she would look after defendant and keep house and cook for her and care for her during the remainder of her life she would receive all of defendant's property in accordance with her said offer. Plaintiff gave up her position as a school teacher and a salary of $2,500 per year, came to Los Angeles and moved into the home of defendant, and since February 10, 1944, has kept house, cooked for and looked after and cared for defendant, and has fully and faithfully kept and performed her contract.

A controversy has arisen in that plaintiff maintains that an agreement was made as alleged and that she has faithfully performed it upon her part, while defendant contends that plaintiff has not faithfully performed her contract, that defendant is not required to leave any property to plaintiff but is free to dispose of it in her lifetime or by will in any manner she may choose. In a second cause of action the complaint set forth certain parcels of real and personal property of the alleged value of $65,000 alleged to have been owned by defendant

at the time of the making of the agreement. It was also alleged that defendant had converted certain securities into cash and had secreted the cash. It was alleged that one August Bracero, named as a defendant, well knowing of the said agreement, had aided and abetted defendant in secreting securities and money, and it was alleged that said two defendants would continue to secrete and hide money so that at the death of defendant it will be impossible for plaintiff to trace said funds or enforce her contract. It was alleged that defendant and said Bracero have conspired to mistreat plaintiff and that defendant has not adequately supported plaintiff. Plaintiff alleged that she was ready, able and willing to perform her services in the future, if permitted to do so but that unless restrained, defendant and said Bracero would convert all defendant's property into cash and secrete the money so that plaintiff would be prevented from enforcing her contract or recovering from the estate of defendant upon her death any compensation for the services she has rendered. Plaintiff asked for a declaratory judgment establishing her rights in accordance with the alleged agreement and providing that she is entitled to receive whatever remains of the property of defendant upon her death, and that the defendants be restrained from transferring, encumbering or covering up any property of the defendant for the purpose of defeating the claimed rights of plaintiff.

Mrs. Hoge answered, admitting she had written to plaintiff sometime in 1943 "that if plaintiff wished to come to California and make her home with this defendant and her husband and cook and do the housekeeping for defendant and her husband and care for them when they needed it during their lives that she could do so and that when this defendant and her husband died plaintiff could have whatever they had left but that plaintiff must learn to cook and become a competent housekeeper." The answer admitted that plaintiff accepted defendant's offer, that she entered defendant's home, has done a part of the work but alleged that she has not taken care of defendant competently or carefully or conscientiously. It was alleged that plaintiff has not done more than 20 per cent of the housework and cooking and has been disrespectful, abusive and discourteous to defendant and her friends and employees. It was denied that defendant has secreted any money or other property, or that she has done any act or thing for the purpose of defeating any claims of the plaintiff.

The court found that plaintiff gave up her position in New York in reliance upon the promise of defendant; that the agreement was as alleged in the complaint except that defendant agreed to pay plaintiff $300 per year at the rate of $25 per month in addition to defendant's promise to will her property to plaintiff. It was found that plaintiff has at all times fully and faithfully kept and performed her contract; that at all times prior to the filing of the complaint and until May, 1950, defendant paid plaintiff $25 per month as agreed. It was found that a controversy exists as alleged in the complaint. The rights of plaintiff were declared by the judgment as follows: (1) Plaintiff is entitled to occupy a room in defendant's home as long as she substantially performs her agreement; or if the renting of said room becomes absolutely necessary, plaintiff shall be furnished other suitable quarters; (2) plaintiff is entitled to her share of the heat furnished for the room and bathroom and to light and water, also to a share of the food purchased by defendant; (3) that plaintiff is a member of the family and companion and not a mere servant; (4) that plaintiff is not over defendant August Bracero as his superior, nor is he on an equality with her socially; (5) that under the terms of the contract plaintiff is not bound to eat or otherwise fraternize with August Bracero; (6) defendant has a right to employ August Bracero but plaintiff has no right to revile August Bracero or to antagonize him or to order him around; (7) that defendant has no right to permit August Bracero to revile plaintiff or to antagonize her or to order her around; (8) that plaintiff is obligated to resume her household duties if requested by defendant; (9) that defendant is entitled to require plaintiff to cook and wash dishes and drive the automobile so long as in so doing defendant acts in good faith; (10) plaintiff is not required to cook or wash dishes for Bracero unless defendant requests it in good faith; (11) if requested by defendant plaintiff must do her best to learn to drive an automobile; (12) that if defendant does not wish to avail herself of plaintiff's services she need not do so but if plaintiff makes herself available and is ready to perform the contract, defendant must perform on her part, including the payment of $25 per month to plaintiff and furnishing the use of the room, living quarters, meals and living in the home and leaving her property to plaintiff by will; (13) neither plaintiff nor defendant is entitled to curse or revile or needlessly annoy or heckle the other; (14) if defendant is ill plaintiff must care for her to the best of her ability and in such manner

as to cause the least possible friction. It was adjudged that plaintiff has performed her contract in all matters in which full performance has been required of her. It was declared to be not true that defendant had removed or sold her stocks or placed the same in a safe deposit box in the names of herself and Bracero; she did, however, receive some $11,000 in cash, part of which she hid in her home and the remainder she placed in a safe deposit box and the moneys were taken from depositaries and were hidden for the purpose of concealing the same from plaintiff; that August Bracero has aided and abetted defendant in removing and hiding said money. It was declared that defendant is required to leave all her property to plaintiff, that she "is not free to dispose of her property in any manner she sees fit during her lifetime or by will, except to will said property to plaintiff, so long as plaintiff faithfully and fully performs the things plaintiff agreed to do, but defendant Adaline Hoge has a right to use all or so much of her property as may be reasonably necessary for her support, care and maintenance during her entire life, including paying a reasonable salary to August Bracero for services rendered to defendant Adaline Hoge."

The court declared that the evidence did not show that it was necessary that defendants be restrained from concealing money or property, or that the defendant would sell her securities and hide the money so that plaintiff's rights will be defeated. It was also found that defendant has failed to pay for plaintiff's medical care, has failed to adequately support plaintiff and has made unkind and unwarranted statements about plaintiff. It was found to be not true that defendant intends to sell her real property or to hide any of her money. The court found it was not necessary presently to issue an injunction but that "it is necessary and convenient that the court retain juisdiction to make such other and further orders as may be necessary and advisable in the future, particularly with respect to the sale of the real property belonging to the defendant Adaline Hoge, and for the purpose of making such other and further orders regarding the rights and duties of the parties to this action under the terms of said contract." By the judgment the court reserved jurisdiction to make "other, further and different orders and decrees regarding the property, to temporarily restrain or to enjoin defendants from selling, assigning, transferring, covering up said property or from doing anything for the purpose of defrauding plaintiff or avoiding the performance of said

contract in good faith, and to make such other and further orders, judgments and decrees as may be proper and necessary hereafter.'' This judgment was entered September 18, 1950.

In March, 1951, upon the affidavit of plaintiff the court issued an order to show cause why defendant should not be restrained from disposing, encumbering, hiding or covering up real or personal property, and from giving August Bracero any money as a gift, or in excess of what he earned. In the hearing which culminated in September, 1951, the court made further findings which incorporated a number of those previously made and which found certain additional facts. It was found that ever since the first trial defendant had refused to permit plaintiff to perform any of her duties; that defendant had sold securities for $14,530.93 which she received in currency and hid away; that at the time of the first trial defendant had securities and cash of the value of $17,500 and that at the time of the hearing on September 10, 1951, defendant accounted for said sum with the exception of something more than $1,500 for which she did not account. It was found that prior to the first trial defendant's total reasonable living expenses were about $450 per month, whereas since that trial defendant had been expending more than $775 per month, which was an unreasonable sum for maintenance, care and support. It was found that defendant intends to defeat the rights of plaintiff under the judgment theretofore rendered in that she had secreted her money and property in the past and would continue to do so in order to defeat plaintiff's rights under the agreement. The court issued an injunction restraining the defendant and others acting for her from giving away, selling, disposing or encumbering, hiding or covering up all or any part of her real or personal property, save and except that she may use so much of her money as may be necessary for her reasonable care, maintenance and support, and restraining defendant from giving any money to August Bracero or anyone else, except the payment in reasonable amounts for services rendered.

Defendant appeals and urges two grounds for a reversal of the judgment: First, that the court was without jurisdiction to render the second judgment, having exhausted its powers in the rendition of the first judgment; and second, both judgments are in error and the second one should be reversed for the reason that it purports to grant specific relief to plaintiff which is not justified by facts proved and found.

No appeal was taken from the first judgment and it has become final. If there was error in awarding plaintiff relief to which she was not legally entitled, such error is not subject to review upon the present appeal. The first judgment must therefore stand as the final adjudication of the making of the agreement and of the existence of all subsequent facts found. Plaintiff justifies the second judgment upon the ground that the court properly retained jurisdiction to make its first judgment effective and that the second judgment accomplishes, and was intended to accomplish, no other purpose. We find it unnecessary to consider this point.

■■ The questions are thus presented whether the second judgment purports to compel specific performance of the agreement by defendant and whether such relief could properly be granted. Manifestly, it does demand specific performance. To be sure, it does not require defendant to make a will, and therefore does not require complete performance, but it does purport to enforce compliance with an obligation, supplied by implication, that defendant shall conserve her estate and limit her expenditures to such sums as may be necessary for her reasonable care, maintenance and support, and as may be earned in the future by August Bracero for services rendered defendant.

The contract as found by the court did not require defendant to conserve her estate or obligate her to possess property at the time of her death. Although she did not promise to live frugally or that she would not make any gifts to others, the judgment imposed that duty.

Since the first judgment is final, the limitations which it places upon defendant's use of her property must be regarded as a correct construction of the agreement.

In our discussion we shall assume, as the answer admits, that the agreement was in writing and therefore not invalid under section 1973, Code of Civil Procedure and section 1624, Civil Code. There are two valid objections to enforcement of the agreement in equity. The consideration for defendant's agreement was that plaintiff's services should be rendered throughout defendant's lifetime and those services remain uncompleted; plaintiff has an adequate remedy at law, for damages, or in *quantum meruit*.

The factual situation is one that is of common occurrence. Whenever it has arisen the courts have held that one who has undertaken to render personal services as yet uncompleted,

may not recover upon the agreement the compensation agreed to be paid for full performance.

In the early case of *Cooper* v. *Pena*, 21 Cal. 403, the court refused specific performance of an agreement to convey land in consideration of personal services which had not been fully performed saying: "So far as the agreement is unperformed, the plaintiff cannot be compelled to perform it on his part, for equity will not enforce a contract for personal services, but leave the party to his remedy at law. . . . We have already stated that the plaintiff cannot be compelled to complete the services which he agreed to perform, and the fact that he has offered to complete them is not equivalent to actual performance. . . . As this is an obligation which the court cannot enforce, there is no principle which would justify it in enforcing the obligation on the other side; and the only course is to decline to interfere, and leave the plaintiff to his remedy for damages."

The principle is statutory (Civ. Code, §§ 3386, 3390), and has been applied in many cases of agreements to leave property by will or deed as consideration for personal services. And another ground for denying equitable relief is that if the services are such as to be compensable in damages or in *quantum meruit,* the remedy at law is adequate and exclusive. (*O'Brien* v. *Perry,* 130 Cal. 526 [62 P. 927]; *Moore* v. *Tuohy,* 142 Cal. 342 [75 P. 896]; *Flood* v. *Templeton,* 148 Cal. 374 [83 P. 148]; *Pacific etc. Ry. Co.* v. *Campbell-Johnston,* 153 Cal. 106 [94 P. 623]; *Morrison* v. *Land,* 169 Cal. 580 [147 P. 259]; *Berry* v. *Moulie,* 180 Cal. 137 [179 P. 686]; *Roy* v. *Pos,* 183 Cal. 359 [191 P. 542]; *Zellner* v. *Wassman,* 184 Cal. 80 [193 P. 84]; *Poultry Producers etc.* v. *Barlow,* 189 Cal. 278 [208 P. 93]; *O'Brien* v. *O'Brien,* 197 Cal. 577, 588 [241 P. 861]; *Brown* v. *Freese,* 28 Cal.App.2d 608 [83 P.2d 82]; *Lovelace* v. *Free,* 140 Cal.App. 264 [35 P.2d 342]; *Zaring* v. *Brown,* 41 Cal.App.2d 227 [106 P.2d 224]; *DeMattos* v. *McGovern,* 25 Cal.App.2d 429 [77 P.2d 522]; *Murdock* v. *Swanson,* 85 Cal.App.2d 380 [193 P.2d 81].)

In *Murdock* v. *Swanson, supra,* 85 Cal.App.2d 380, the plaintiff sued on a claim against an estate based upon an alleged oral contract to make a will. The complaint pleaded an agreement under which the decedent would make a will in favor of plaintiff in consideration of care for the decedent, the rendition of personal services, and the furnishing of certain goods to her and assistance in caring for her property, and if necessary care for decedent in plaintiff's home. In

affirming a judgment of dismissal after demurrers were sustained, the court stated (p. 384): "It is well settled that equity will not intervene in such cases involving payment for personal services since the remedy at law is adequate. (*Zaring* v. *Brown,* 41 Cal.App.2d 227 [106 P.2d 224]; *Morrison* v. *Land,* 169 Cal. 580 [147 P. 259]; *DeMattos* v. *McGovern,* 25 Cal.App.2d 429 [77 P.2d 522].) There can be no question that there was also an adequate remedy at law here with respect to any goods or articles furnished to the decedent by the appellant." It was also alleged therein that it became necessary for plaintiff to spend so much time with the decedent that she found it impossible to continue to operate her business of a beauty shop, that she sold the same at great loss with respect to the good will and future profit, and that in carrying out her agreement she was obliged to neglect many of her marital, social and household duties and remain away from her home and husband for many hours at a time. With respect to these allegations, the court said (p. 385): "The allegations of loss here are indefinite, and are to the effect that the appellant sold the beauty parlor merely in order to be in a better position to render the services called for by her agreement with the decedent. There is no allegation in this cause of action that any such thing was requested by the decedent or even known to her. If any loss occurred in this respect this was an element which could have been included in showing the value of the services she rendered, and a remedy at law existed. No such change of position here appears as to make it impossible for plaintiff to obtain compensation for anything she did other than through equitable relief, or upon the constructive trust theory as it has always been applied." ■ Plaintiff here alleged she gave up a salary of $2,500 per year and that she could have retired as a school teacher upon a pension of about $50 per month when she had attained the age of 70 years, or in 1947, and that defendant was aware of that fact. The detriment suffered by plaintiff in resigning her position, with respect both to loss of salary and pension rights, would have been proper elements of damage in an action to recover for the value of plaintiff's services. The fact that plaintiff gave up association with friends and relatives in New York was comparable to the neglect of marital, social and household duties and absence from her home and husband, alleged by the plaintiff in the Murdock case. There was no finding that by rea-

son of the facts found plaintiff suffered detriment in coming into the home of defendant that could not be compensated for in money. We think such a finding would have had no basis in the evidence. Anyone who goes into the home of another, there to reside permanently, gives up associations and ways of life for others that may turn out to be less desirable. Inability to be restored to the former status is not a good ground for equitable relief unless to deny it would operate as a fraud upon the party seeking relief. This is not such a case and was not considered by the trial court to be one. Such detriment as plaintiff suffered was compensable in damages and her claim therefor was one to be prosecuted at law and not in equity. (See *Zaring* v. *Brown, supra,* 41 Cal.App.2d 227.)

Plaintiff has no rights other than those derived from the agreement. The restraints placed upon defendant by the second judgment purport to enforce an obligation to conserve her estate for the benefit of plaintiff. This restraint is only a means to the end that there will be estate remaining upon the death of defendant to be subjected to whatever claims plaintiff may establish under the agreement. An injunction may not be granted to prevent breach of an agreement to render personal services of the nature of those agreed to be rendered by plaintiff. (Civ. Code, § 3423; *Lovelace* v. *Free, supra,* 140 Cal.App. 264.)

The judgment entered October 4, 1951, is reversed.

Wood (Parker), J., and Vallée, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 15, 1953. Carter, J., was of the opinion that the petition should be granted.