[S. F. No. 1941. In Bank.—June 25, 1902.]

A. C. FREESE, Administrator of the Estate of Philip Collan, Deceased, Respondent, v. ODD FELLOWS' SAVINGS BANK, Defendant; PATRICK CROSBY, Intervener, Appellant.

ESTATES OF DECEASED PERSONS—ACTION BY ADMINISTRATOR—DEPOSIT IN BANK—CLAIM OF GIFT—CREDIBILITY OF INTERVENER—DISCRETION OF COURT.—In an action by an administrator to recover a deposit made by the decedent in a savings bank, claimed by an intervener to have been given to him by the decedent, the trial court was the judge of the credibility of the intervener, as a witness in his own behalf, and had discretion to reject his evidence taken by deposition, if it appeared incredible and uncorroborated and inconsistent with the circumstances.

ID.—DEPOSITION AS TO GIFT—REVIEW UPON APPEAL—SUPPORT OF FIND-ING.—This court cannot say upon appeal, as matter of law, that the trial court erred in discrediting the testimony of the intervener merely because it was taken by deposition, and was consistent with itself, and was the only testimony upon the subject of the gift. The finding against him will not be disturbed,—especially where the record discloses circumstances which affect his credibility and appear to justify the finding against him.

ID.—PRESUMPTION IN SUPPORT OF FINDING—BURDEN OF PROOF.—There is a presumption in favor of the decedent, whose lips are sealed, which takes the place of testimony for the protection of his legal representatives; and the burden of proof is upon a claimant who asserts a disposition of property of the decedent outside of the ordinary course of human affairs. If the testimony of the claimant is deemed incredible by the trial court, such presumption in favor of the decedent will support a finding against the claimant.

ID.—CAUTION AS TO TESTIMONY—POLICY OF LAW.—The policy of the law requires that claims to personal property of a decedent, resting upon oral declarations, should be received with caution, and even with suspicion, in order to prevent frauds upon his estate.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Reddy, Campbell & Metson, for Appellant.

J. D. Sullivan, and F. H. Merzbach, for Respondent.

W. H. Payson, for Odd Fellows' Savings Bank, Defendant.

BEATTY, C. J.—The plaintiff, as administrator of the estate of Philip Collan, deceased, sued to recover a sum of money which had been deposited by Collan during his lifetime with the corporation defendant.

Patrick Crosby was allowed to intervene in the action upon his claim that the deposit had been given to him by Collan a short time prior to his decease. The defendant, upon payment of the money into court, was dismissed from the action, and the only issue left to be determined was that arising upon the intervener's allegation of a gift of the deposit. This issue was tried by the court without a jury, and upon a finding that the allegation was not true judgment was given for the plaintiff. From that judgment and from an order denying his motion for a new trial the intervener appeals, basing his appeal upon the sole ground that the finding of the court that there was no gift is contrary to the evidence.

The only evidence of the alleged gift was the deposition of the intervener himsef, wholly uncorroborated. In this state of the case it would be necessary, in order to reverse the judgment or order appealed from, to hold as matter of law that when a sum of money deposited in a savings bank is claimed after the death of the depositor by a person asserting title as a donee, the trial court has no discretion to reject such claim if it is supported by a deposition of the claimant to the effect that the gift was made, unless there is contradictory evidence, or such inconsistencies in the deposition itself as to render it *felo de se.*

This, we think, would be a very dangerous doctrine to establish, and one for which it would be difficult to find a precedent. It will not do to say that when a man is dead his property must be awarded to any one who can testify without contradicting himself that it was given to him by the mere oral declaration of the decedent during his lifetime. In such case there is no possibility of direct contradiction. The lips of the alleged donor are sealed, but there is a presumption which takes the place of his testimony for the protection of his legal representatives. It is not in the ordinary course of human affairs for men to dispose of their property in that way, and when such a disposition is asserted by the claimant against the representatives of a dead man a court is certainly at liberty to refuse credence to his statement, however consistent with itself it may be. And when the trial court has rejected his testimony,—necessarily upon the ground that it is incredible, —it would be a startling innovation for this court to practically make an affirmative finding of a gift by reversing the decision of the trial court and remanding the cause, with directions to find in favor of the alleged donee, if the testimony on a new trial should be substantially the same. The credibility of witnesses is for the trial court,—not for us,—and a presumption is sufficient to sustain a finding against the positive evidence of a party upon whom is cast the burden of proof. This principle is not affected in its application to the present case by the fact that the intervener's evidence was given by deposition. It seems to be conceded that if he had appeared in court and given his testimony orally in the sight and hearing of the judge we could not then have set aside an adverse finding, because in that case it would be assumed that something in his appearance or manner on the stand, observable by the trial judge, but hidden from us, had justified a rejection of his testimony. But it is argued that since the trial judge did not see or hear him, and since his deposition is fair on its face and uncontradicted, we must hold it true as matter of law, and, in effect, make an affirmative finding of a gift over the head of the court of original jurisdiction.

Whatever difference there may be in the extent to which this court will feel itself authorized in reviewing evidence given by deposition and that delivered orally in certain special

cases, we feel assured that the doctrine contended for cannot safely be applied to a case like the present.

The estates of the dead have always been carefully guarded, and the strict requirements of the law in relation to the proof and execution of wills would fail of its object in many cases if the unsupported oath of the claimant could establish a valid gift of a decedent's personal property. The policy of the law requires that such claims should be received with caution, and even with suspicion, in order to prevent frauds.

But aside from all that has been said, there were in this case several circumstances which the trial judge may well have deemed inconsistent with the intervener's testimony. Indeed, they seem so to us. Collan died in San Francisco in 1882. Intervener claims that when he was on his way to San Francisco, at the town of Madera, a short time before his death, he gave him his pass-book containing his account with the defendant and the sole evidence of the deposit, stating at the same time, in effect, that he wished him to have the money. But the intervener did not produce the pass-book, and there is no evidence that he ever had it in his possession, except his own statement that he had it and intrusted it to an attorney, who said that he had given it to a local bank to be forwarded to San Francisco, and that between them it had been lost. He does not, however, produce the evidence of the attorney or of any one connected with the bank to corroborate him on this point.

The trial court also found—and this finding is not attacked —that the intervener made no effort to prove his claim until Collan had been dead more than sixteen years.

In this state of the evidence we think the finding of the superior court was clearly justified, and its judgment and order are therefore affirmed.

Van Dyke, J., Temple, J., and Henshaw, J., concurred.

Harrison, J., concurred in affirming the judgment.

McFARLAND, J.—I concur in the judgment of affirmance for the reasons last stated in the foregoing opinion, commencing with the words "But aside from."