[Civ. No. 1434. First Appellate District.—January 18, 1915.]

## NELLIE McM. DONOVAN, Respondent, v. E. B. KEMPER, Appellant.

APPEALS—APPEAL FROM JUDGMENT—TIME FOR.—An appeal from a judgment cannot be considered where it is not taken within six months from the entry of the judgment.

NONSUIT—WHEN NOT TO BE GRANTED.—A motion for a nonsuit may not be granted if there is any evidence tending to sustain plaintiff's cause of action.

PROMISSORY NOTE—ACCOMMODATION MAKER—ACTION AGAINST CO-MAKER FOR AMOUNT PAID ON NOTE—EVIDENCE—PRESUMPTION.—In an action by the assignee of one of the joint makers of a promissory note against the comaker to recover the amount paid on the note by the former, where it appears that the defendant first applied to plaintiff's assignor for a loan in order to obtain sufficient money to purchase the interest of his partner in the drug business, but that she did not have the money and thereupon requested the payee of the note to make the loan, and volunteered to sign the note for the same, and that defendant paid part of the note, but when he ceased paying plaintiff's assignor, upon demand, paid the sum sued for which was credited on the note, and it is further shown that defendant in a conversation had admitted the indebtedness to plaintiff's assignor, such evidence tended to overcome the presumption, if any, arising from the fact that plaintiff's assignor, as the apparent maker of a joint and several note, received and shared equally with the comaker in the consideration given for the note, and was sufficient to make out a *prima facie* case for the plaintiff, and a motion for nonsuit was properly denied.

ID.—NONSUIT—WAIVER OF.—In such a case where the defendant when testifying as a witness in his own behalf admitted that he had personally received for his own use and benefit the full amount of the consideration for the note, he thereby supplied any omission in plaintiff's case and waived his motion for a nonsuit.

ID.—EVIDENCE—UNCONTRADICTED TESTIMONY—CREDIBILITY OF FOR COURT TO DETERMINE.—In such a case the fact that the defendant's testi-

mony that about a week after the execution of the note, plaintiff's assignor borrowed from him the sum of four hundred dollars, and that when she paid the four hundred dollars in suit to the owner of the note it was paid for and on account of the defendant and with the intent and purpose of satisfying her individual indebtedness to him, stood uncontradicted by any direct evidence, was not of itself sufficient to compel the trial court to find in favor of the defendant, as it was still the right and duty of the court to determine the credit and weight to be given such testimony when considered in conjunction with the facts and circumstances of the transaction as shown by the evidence adduced upon the whole case.

ID.—PLEADING — STATUTE OF LIMITATIONS — FAILURE TO PLEAD.—In such a case where plaintiff's complaint in effect alleged a cause of action for money had and received, which upon its face showed that it was barred by the statute of limitations, and then alleged that the defendant had renewed the indebtedness by a written promise to pay the same, but the evidence was insufficient to show a new promise, defendant having failed to plead the statute of limitations either by a demurrer or by answer, the complaint upon the original indebtedness must be held to be sufficient to support the findings and judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

J. G. Reisner, for Appellant.

Devlin, Devlin & Maddux, for Respondent.

THE COURT.—In this action the plaintiff's complaint in substance alleged that in consideration of a loan of one thousand five hundred dollars to the defendant, he and Mrs. C. B. McMorry, plaintiff's assignor executed and delivered their joint promissory note in the amount of the loan to George W. Locke; that Mrs. McMorry was merely an accommodation maker of the note; that she received no part of the borrowed money, but that it was all received and retained by the defendant, and that plaintiff's assignor paid to Locke, the holder and owner of the note, the sum of four hundred dollars for the use and benefit of the defendant. The defendant's answer admitted the execution of the note, but denied every other material allegation of the plaintiff's complaint. Judgment was entered in favor of the plaintiff

26 Cal. App.—23

and against the defendant for the sum of four hundred dollars with interest thereon amounting to the sum of one hundred and twelve dollars.

The appeal from the judgment cannot be considered because it was not taken within six months from the entry of the judgment. This is conceded; but it is insisted upon the appeal from the order denying the defendant a new trial, which comes here upon a bill of exceptions, that the trial court should have granted the defendant's motion for a nonsuit.

A motion for a nonsuit may not be granted if there be any evidence tending to sustain the plaintiff's cause of action. In the present case Locke, the owner and holder of the note, testified as a witness upon behalf of the plaintiff that the defendant, a druggist, was dissatisfied with his business partner, and made an application to plaintiff's assignor, Mrs. McMorry, for a loan of money sufficient to purchase the interest of his partner. Mrs. McMorry did not have the money, but she requested the witness to make the loan to the defendant, and volunteered to sign the latter's note for the same. The loan and note were made accordingly, and to the best of the recollection of the witness the defendant in person received the money. This witness further testified that the defendant paid part of the sum due on the note at the rate of fifteen dollars per month, and that when he ceased making such payments Mrs. McMorry upon demand paid the sum of four hundred dollars which was credited on the note on account of the principal due. The defendant from time to time thereafter paid the interest as it accrued on the note. A. E. Shaar, bookkeeper for Locke, the owner of the note, and a witness for the plaintiff, testified as to the making of the note, and that the sum of one thousand one hundred dollars of the principal and all of the interest was paid by the defendant, but that four hundred dollars of the principal was paid by plaintiff's assignor, Mrs. McMorry, and that all of Locke's dealings concerning the note subsequent to its making were had with the defendant save and except as to the payment of four hundred dollars by Mrs. McMorry.

The plaintiff, as a witness in her own behalf, testified that Mrs. C. B. McMorry was her mother; that the latter was dead. The witness further testified that her mother gave her a check for four hundred dollars, which she, the witness, in

person delivered to Locke, the owner of the note, with directions to apply it on account of the principal due on the note; that in a conversation with the defendant he admitted the indebtedness to plaintiff's assignor, but refused to give a note therefor.

This evidence tended to overcome the presumption, if any, arising from the fact that plaintiff's assignor, as the apparent maker of a joint and several note, received and shared equally with her comaker in the consideration given for the note; and was, we think, sufficient to make out a *prima facie* case for the plaintiff; and therefore the motion for a nonsuit was properly denied.

But even if this were not so the denial of the motion for a nonsuit would have been harmless, because of the fact that the defendant, when testifying as a witness in his own behalf, admitted that he had personally received for his own use and benefit the full sum of one thousand five hundred dollars received as the consideration for the note. The defendant thereby supplied the omission, if any, in the evidence presented in support of the plaintiff's case, and as a consequence must be held to have waived his motion for a nonsuit. (*Ringgold* v. *Haven et al.,* 1 Cal. 108; *Vaca Valley etc. R. R. Co.* v. *Mansfield,* 84 Cal. 560, [24 Pac. 145]; *Lowe* v. *San Francisco etc. Ry. Co.,* 154 Cal. 573, [98 Pac. 678]; *Bowley* v. *Mangrum,* 3 Cal. App. 229, [84 Pac. 996].)

Upon his examination in chief the defendant, as a witness in his own behalf, testified that about a week after the execution of the note plaintiff's assignor borrowed from him the sum of four hundred dollars and that when she paid the four hundred dollars in suit to Locke, the owner of the note, it was paid for and on account of the defendant and with the intent and purpose of satisfying her individual indebtedness to the defendant. It is claimed that because the defendant's testimony in this behalf stands uncontradicted by any direct evidence, the trial court's findings of fact in favor of the plaintiff, to the effect that her assignor had paid the four hundred dollars in suit for the individual benefit of the defendant, is contrary to the evidence.

The mere fact that the testimony of the defendant in the particular stated was not and could not be contradicted by a living witness to the transaction, was not in and of itself sufficient to compel the trial court to find in favor of the de-

fendant. Notwithstanding the fact that his testimony may not have been contradicted by any direct evidence, it was still the right and duty of the trial court to determine the credit and weight to be given to such testimony when considered in conjunction with the facts and circumstances of the transaction as shown by the evidence adduced upon the whole case. In this connection the record shows as matters of evidence that, notwithstanding his denial in his verified answer that he had received the whole of the one thousand five hundred dollars evidenced by the note, he subsequently admitted when under oath as a witness in his own behalf, that he had received such sum in full for his individual use and benefit. Moreover, the plaintiff in rebuttal testified in detail to a conversation with the defendant, wherein he admitted and acknowledged his indebtedness to the plaintiff's assignor in the sum in suit. Added to this the fact stands out prominently that the defendant's testimony in chief concerning his alleged loan of four hundred dollars to the plaintiff's assignor was seriously shaken if not entirely shattered upon cross-examination. We are satisfied that the established circumstances of the transaction, considered in connection with the dubious character of the defendant's testimony, jointly influenced the trial court to discredit his story that he had loaned the plaintiff's assignor the four hundred dollars in suit. Eliminating his testimony in this particular, we have no doubt but that the evidence, direct and circumstantial, adduced upon the entire case is amply sufficient to warrant and support the findings of the trial court. The plaintiff's complaint in effect alleged a cause of action for moneys had and received, which upon its face showed that it was barred by the statute of limitations, and then proceeded to allege that the defendant had renewed the indebtedness by a written promise to pay the same. The plaintiff's proof upon this phase of the case consisted solely of certain letters which had passed between the parties concerning the transaction in suit. It is conceded that these letters did not suffice to show a new promise of the defendant to pay the original indebtedness. It is now urged upon behalf of the defendant that inasmuch as the plaintiff's proof failed to show a new promise, and that her complaint upon its face showed that the original indebtedness was outlawed, the findings and judgment should have been for the defendant.

This contention cannot be sustained.   Conceding without deciding that it was the apparent purpose of the plaintiff to rely for a cause of action mainly upon the allegation of the defendant's written renewal of the obligation to pay the original indebtedness, nevertheless the plaintiff's complaint in its entirety, although perhaps inadvertently, sufficiently stated a cause of action upon the original indebtedness. Although the two causes of action were not separately stated, no demurrer was interposed upon that ground, and as the statute of limitations was not pleaded, either by demurrer or by answer, as a defense to the plaintiff's cause of action upon the original indebtedness, it must be held. that the complaint contains and sufficiently states a cause of action which warrants and supports the findings and judgment.

The appeal from the judgment is dismissed, and the order denying a new trial is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 18, 1915.