[Civ. No. 12153. Second Appellate District, Division Two.—November 13, 1939.]

BEN BARD, Special Administrator, etc., Respondent, v. L. E. KENT, Appellant.

Pacht, Pelton, Warne & Black, Clore Warne and Alfred P. Chamie for Appellant.

Jerome H. Kann for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover $22,403.88 alleged to have been received by defendant for the use of plaintiff's decedent Ruth Roland Bard, defendant appeals.

These are the essential facts:

Plaintiff is special administrator of the estate of Ruth Roland Bard, deceased, who died September 22, 1937. January 25, 1927, decedent advanced $38,000 to Mr. L. Lewyn and his wife and received a note and first trust deed on certain real property located in Los Angeles County (referred to by the parties as "No. 19 property") as security therefor. Subsequently defendant loaned Mr. Lewyn and his wife $10,000 secured by a note and second trust deed on the property known as "No. 19 property". In 1932 the Lewyns being in arrears in the payments due on their notes, by common understanding between them, decedent, and defendant, in lieu of a foreclosure, deeded the property described in the trust deeds to defendant who held the title to the property

with the consent of decedent, 1/5 for his own account and 4/5 in trust for her.

In September of 1937 No. 19 property was sold for $37,-500 and at the same time in order to clear the title to the property decedent executed a "Request for Reconveyance", which was delivered to the trustee, who in turn executed a reconveyance which was duly recorded September 3, 1937. Subsequently defendant received the purchase price of the property, converted it into certificates of deposit in his own favor and placed them in a safety deposit box. None of the money was ever paid to decedent or plaintiff.

Subsequent to the trial court's entering a minute order giving judgment in favor of plaintiff, defendant made a motion to vacate the order and reopen the case for further evidence.

 Defendant relies for reversal of the judgment on these propositions:

*First: There was not substantial evidence to sustain the trial court's finding of fact reading as follows:*

*"That between the 4th day of September, 1937, and the 15th day of November, 1937, and thereafter from said last named date to the 26th day of April, 1938, as set forth in plaintiff's Complaint and Amended and Supplemental Complaint, in the County of Los Angeles, State of California, the said defendant L. E. Kent received the sum of $22,403.88 for the use of Ruth Roland Bard, deceased."*

*Second: The trial court committed prejudicial error in refusing to vacate its minute order granting judgment in favor of plaintiff and in refusing to reopen the case for further evidence.*

The first proposition is untenable. From an examination of the record it appears that there is substantial evidence from defendant's own testimony and documentary evidence to support each and every fact set forth above.

Defendant testified that September 1, 1937, decedent telephoned him and he described the telephone conversation as follows:

"The call came through the switchboard, and she said, 'Hello'. She said, 'Did Ben give you the paper?' I said, 'Yes'. 'I want you to have my interest in No. 19. Don't say anything now. Good-bye.' "

His testimony on this point was corroborated by Miss Barnette, his secretary, who testified that in accordance with defendant's instructions she had listened in on the alleged telephone conversation between defendant and decedent. Defendant urges that, since defendant's testimony as to his conversation with decedent was not directly contradicted, the trial court was bound to find as a fact that the alleged telephone conversation had in fact taken place and that as a result a gift to him from decedent of the proceeds from No. 19 property resulted. Such, however, is not the law. The rule is settled in this state that there is a presumption that a decedent would contradict the testimony of a living witness that during his lifetime he gave away his property, and that, if the trial court deems the testimony of the claimant to the property incredible, the aforementioned presumption will support a finding against the testimony of the claimant, which finding will not be disturbed by an appellate court. (*Freese* v. *Odd Fellows' Sav. Bank,* 136 Cal. 662, 664 [69 Pac. 493].)

Mr. Chief Justice Beatty in *Freese* v. *Odd Fellows' Sav. Bank, supra,* speaking for our Supreme Court, says:

"It will not do to say that when a man is dead his property must be awarded to any one who can testify without contradicting himself that it was given to him by the mere oral declaration of the decedent during his lifetime. In such case there is no possibility of direct contradiction. The lips of the alleged donor are sealed, but there is a presumption which takes the place of his testimony for the protection of his legal representatives. It is not in the ordinary course of human affairs for men to dispose of their property in that way, and when such a disposition is asserted by the claimant against the representatives of a dead man a court is certainly at liberty to refuse credence to his statement, however consistent with itself it may be. And when the trial court has rejected his testimony,—necessarily upon the ground that it is incredible,—it would be a startling innovation for this court to practically make an affirmative finding of a gift by reversing the decision of the trial court and remanding the cause, with directions to find in favor of the alleged donee, if the testimony on a new trial should be substantially the same. The credibility of witnesses is for the trial court,—not for us,—and a presumption is sufficient to sus-

tain a finding against the positive evidence of a party upon whom is cast the burden of proof.''

See, also, *Davis* v. *Judson,* 159 Cal. 121, 128 [113 Pac. 147] ; *Roberts* v. *Roberts,* 168 Cal. 307, 308 [142 Pac. 1080, Ann. Cas. 1916A, 886] ; *Donovan* v. *Kemper,* 26 Cal. App. 352, 355 [146 Pac. 1044].

In addition to the foregoing presumption, there was uncontradicted testimony that decedent had stated to her husband that she was agreeing to the sale of the property for $37,500 and taking a loss, ''because in case anything happens to me, you will have some money for the conduct of my estate'', and that on another occasion referring to the same property she had stated to a friend with reference to the sale of the property, ''It is a shame that I have to take such a loss, but that is what comes from helping out a friend.''

Applying the presumption of law set forth above relative to testimony of a conversation with a decedent regarding an alleged gift of decedent's property to a claimant to the evidence heretofore detailed, the trial judge was thoroughly justified in finding that the alleged conversation of September 1, 1937, between decedent and defendant did not occur. This being true, it follows there was substantial evidence from the facts set forth above to sustain the questioned finding of fact of the trial court.

The second proposition is likewise untenable. The alleged newly discovered evidence upon which defendant based his motion to vacate the prior minute order and reopen the case for further evidence was merely cumulative of evidence received at the trial that decedent had made a gift of her interest in No. 19 property to defendant, and failed to show any reason why such evidence had not been produced at the time of the trial. It needs no citation of authority for the proposition that it rests in the sound discretion of the trial judge whether to grant or deny a motion to reopen a case prior to judgment for the purpose of receiving additional evidence. In the instant case we find no abuse of the trial court's discretion in its ruling.

For the foregoing reasons the judgment is affirmed.

Wood, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 6, 1939, and an appli-

cation by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 11, 1940.