[Crim. No. 2346. First Dist., Div. Two. August 7, 1945.]

THE PEOPLE, Respondent, v. JOE C. HUGHES, Appellant.

458

Joseph A. Garry for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener and Miriam E. Wolff, Deputies Attorney General, for Respondent.

NOURSE, P. J.—Informations charging defendant with robbery and mayhem were consolidated and tried to a jury which returned verdicts of guilty on both charges. Defendant's motion for a new trial was ordered denied. He appeals from the judgments and the order.

Nelson, the complaining witness, testified that he had known and lived with defendant for about two months at a farm where they had both been sent after conviction of drunkenness. On June 8, 1944, Nelson went to Oakland after work to see a doctor, returned to San Francisco and entered a tavern at First and Mission Streets at "approximately close to nine o'clock" to have a sandwich and beer. While drinking the beer he noticed defendant and another man and started conversing with them. One of the men told Nelson that "they had a bottle" and invited him outside for a drink. He thereupon opened his wallet; paid his check and left with the two men. Upon reaching a gasoline station at Main and Howard Streets the unidentified man demanded Nelson's pocketbook. The victim handed the man a wallet containing identification cards but upon further demand gave him the wallet in which he kept his money. Throughout the altercation between Nelson and the other party the defendant stood a few feet away

and did nothing other than to serve as a lookout for his associate. Nelson told defendant that it was a serious offense in which the men were engaged and that he would do time at the penitentiary, whereupon the other man raised his arms and Nelson recalled nothing more. He was found the next morning by the gas station attendant and was sent to the hospital. A street cleaner found Nelson's wallets nearby and turned them over to the police. Nelson was taken to a hospital where his eyes were found to be so badly ruptured and so swollen that no examination was possible for eleven days; his face was badly bruised and his mental condition was such that no case history could be provided until two months after the beating. The injury to the eyes was such that he became permanently blind.

The defendant denied that he had any participation in the altercation, denied that he had ever been in the tavern, and testified that he was in another part of the city at the time of the attack. He was substantially contradicted in all his testimony and left the jurors no course other than to decide whether they would believe the straightforward testimony of the victim or the denials of the defendant.

On this appeal his first ground urged for a reversal is that this court should overturn the verdict of the jury and determine that his testimony in support of his defense of "alibi" should be accepted as conclusive proof of that defense. He rests his argument on the statement in *Herbert* v. *Lankershim*, 9 Cal.2d 409, 471 [71 P.2d 220], relative to the function of the reviewing court where the issue of the sufficiency of the evidence is raised and reading:

"This rule, however, does not relieve an appellate court of its duty of analyzing the evidence in the light of reason and human experience and giving consideration to the motives and propensities which tend to influence or prompt human action, in an effort to solve the question as to whether the judgment is reasonably and substantially sustained by the evidence."

A consideration of the "motives and propensities" of the witnesses would not aid appellant. There is no possible ground for ascribing any improper motive to the complaining witness. His testimony was straightforward and no reason is suggested why it should be rejected. On the other hand, it is elementary that a defendant in a criminal case will tell his story in the light most favorable to his defense. Here the

complaining witness testified that he entered that tavern at "'approximately'' nine o'clock in the evening and noticed appellant and his companion about fifteen minutes later. The appellant testified that he worked until 9:15, took a bus down town, and ate supper at a cafeteria a few blocks from the tavern. Neither witness was shown to have looked at a clock or watch in fixing the time. As appellant states in his brief ''we had a hopeless conflict between the evidence for the prosecution and the evidence for the defense.'' It was a conflict for the jury to decide. The defense of alibi is a good defense if the jurors believe it, but when the evidence is conflicting the jury's findings will not be disturbed on appeal. (*People* v. *Spillard*, 15 Cal.App.2d 649, 652 [59 P.2d 887].)

The repeated references in appellant's brief to his willingness to take the witness stand in his own defense, to talk freely with the arresting officers and to the district attorney as indicative of his innocence are all appropriate in an argument to the court or jury as triers of the fact, but they present no issue on the appeal. The same may be said as to the evidence identifying the appellant. The testimony of the complaining witness was clear and definite both as to description of the physical features of appellant, as to his voice, and as to the name by which he was known when they worked together. This was done by a blind man in the presence of the jury and the jurors were in a position to determine whether the description fitted the individual who stood before them. This finding of the jury on that issue cannot be disturbed. (*People* v. *Farrington*, 213 Cal. 459, 463 [2 P.2d 814].)

The appellant criticizes the action of the trial court in repeating ''practically the same instructions'' on aiding and abetting. Cases are cited in which the reviewing court admonishes the trial court that this is not good practice and should be avoided. No case is cited holding that it is reversible error.

The appellant assigns error in the refusal to give his proposed instruction reading: ''If, on the other hand, you should be satisfied to a moral certainty and beyond all reasonable doubt from the evidence that the defendant was present at the time the offenses are alleged to have been committed, but that he did no act to aid and abet the same, you should find the defendant not guilty.''

The proposed instruction is an incomplete statement of the law though it was approved in *People* v. *Woodward*, 45 Cal.

293 [13 Am.Rep. 176]. A more correct statement is found in *People* v. *Torrillo,* 60 Cal.App.2d 755, 759 [141 P.2d 472], where it is said:

"Presence of a defendant at the commission of a felony by another is evidence to be considered, together with all of the circumstances immediately preceding, attending, and following the perpetration of the felony, as tending to show defendant's complicity in the crime. (*People* v. *Erno,* 195 Cal. 272, 278 [232 P. 710] ; *People* v. *Yeager,* 194 Cal. 452, 460 [229 P. 40] ; *People* v. *Woodward,* 45 Cal. 293, 294 [13 Am.Rep. 176] ; *People* v. *Ho Kim You,* 24 Cal.App. 451, 462 [141 P. 950].)"

This is in accord with the express provisions of section 31 of the Penal Code reading, in part: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission . . . are principals in any crime so committed." Here the jury was properly instructed in accordance with these authorities whereas the instruction proposed by appellant might have confused the jury as to whether it was necessary to find that appellant took an active part in the physical assault or in the robbery.

Finally it is argued that there was some sort of misconduct on the part of the district attorney when he interrupted the argument to the jury of appellant's counsel. Both parties had got off the record in their controversy and the trial judge brought them back to a discussion of the evidence. He thereafter instructed the jury to disregard all statements of counsel not supported by the record. The charge of misconduct is too trivial for further treatment.

The judgments and the order are affirmed.

Goodell, J., and Dooling, J. pro tem., concurred.