[Civ. No. 19423.   First Dist., Div. One.   Apr. 19, 1961.]

MILDRED LAKE et al., Respondents, v. EUNICE JACK-SON, Individually and as Administratrix, etc., Appellant.

Granville T. Burke and J. Elwood Andresen for Appellant.

Robert H. Moran for Respondents.

DUNIWAY, J.—Appellant is the widow of Elisha Jackson and the administratrix with the will annexed of his estate. Under the will, all of his property was left to her. Elisha died on January 8, 1958. Respondents, referred to as Mildred and Loyce, are the daughters of Mae Jackson and stepdaughters of Elisha. Mae and Elisha married in 1937 or 1938, and remained married until Mae's death on September 14, 1956. Appellant had been employed as a practical nurse for Mae. After Mae died, appellant got a Nevada divorce from her then husband. She married Elisha on December 1, 1956, and the probated will was executed on January 24, 1957.

The appeal is from the judgment in an action brought by Mildred and Loyce to establish a constructive trust for them in all of the property left by Elisha. The basis of the action is an oral agreement between Mae and Elisha whereby all of the property accumulated by them during their marriage would go to the survivor, and would then be left by the survivor to respondents. The court found that such an agreement was made, that Mae performed, that Elisha made a will conforming to the agreement, and that after Mae's death he made the new will in favor of appellant, thereby breaching the agreement. It also found that Elisha, by virtue of the agreement, received substantial benefits on Mae's death, and that appellant is estopped to plead the statute of frauds (Code Civ. Proc., § 1973, subd. 6; Civ. Code, § 1624, subd. 6).

Although her contentions are stated in several different ways in her brief, appellant's basic contention is that the evidence does not support the findings. We conclude that the evidence is sufficient, and that the judgment must be affirmed.

The remarks of Mr. Justice Vallée in *Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, 370 [210 P.2d 757], quoted by the Supreme Court in *E. K. Wood Lumber Co.* v. *Higgins*, 54 Cal.2d 91, 94 [4 Cal.Rptr. 523, 54 P.2d 91], are pertinent here. It seems to be almost impossible for counsel for an appellant, in this or any other case, to believe that his case falls within the long established rule governing the function of an appellate court in determining whether the evidence supports

the findings. In case after case counsel seems to have become so convinced that his side is the only possibly correct one that he simply will not accept the contrary evidence that was accepted by the trier of fact. Many times, as here, the case of *Herbert* v. *Lankershim,* 9 Cal.2d 409 [71 P.2d 220], is cited and some portion of the opinion is quoted. Reliance upon that case is almost tantamount to an admission that the evidence does support the finding, plus a hope that the court will nevertheless overturn the judgment. The case, however, has been so often "distinguished" that it is almost *sui generis.*[1] As was said by Mr. Justice Peters, speaking for this court in *Roeder* v. *Roeder,* 118 Cal.App.2d 572, 582 [258 P.2d 581], "that case has been 'frequently relied upon [by litigants] but seldom followed [by the courts].' "

Other cases on which appellant relies, such as *Fowler* v. *Security-First Nat. Bank,* 146 Cal.App.2d 37, 43 [303 P.2d 565], *Rolls* v. *Allen,* 204 Cal. 604 [269 P. 450], *Bard* v. *Kent,* 35 Cal.App.2d 434, 437 [95 P.2d 957], and *Freese* v. *Odd Fellows' Sav. Bank,* 136 Cal. 662 [69 P. 493], contain language that would be most helpful to appellant in arguing the case before the trial judge. ▮ But none of them reversed a judgment where the evidence was conflicting and not incredible; on the contrary, each affirmed a judgment based upon conflicting evidence, and in each the court applied the standard rule: The resolution of conflicts and the determination of the credibility of witnesses is for the trier of fact.

We need not concern ourselves with appellant's lengthy and detailed attack upon the opinion written by the trial court. ▮ The findings of fact, not the opinion, control. (*Fowler*

[1] See e.g. *Shearer* v. *Cooper,* 21 Cal.2d 695, 703 [134 P.2d 764]; *Tuck* v. *Gudnason,* 26 Cal.App.2d 468, 470 [134 P.2d 764]; *Cox* v. *Klatte,* 29 Cal.App.2d 150, 160 [84 P.2d 290]; *Consolidated Rock Prod. Co.* v. *Higgins,* 54 Cal.App.2d 779, 781-782 [129 P.2d 929]; *Ferrari* v. *Mambretti,* 58 Cal.App.2d 318, 322-323 [136 P.2d 326]; *Cooke* v. *Cooke,* 65 Cal.App.2d 260, 265 [150 P.2d 514]; *Horsman* v. *Maden,* 69 Cal.App.2d 11, 15 [157 P.2d 882]; *Taylor* v. *Wright,* 69 Cal.App.2d 371, 387 [159 P.2d 980]; *People* v. *Hughes,* 70 Cal.App.2d 457, 459 [161 P.2d 28]; *Moore* v. *Spremo,* 72 Cal.App.2d 324, 329 [164 P.2d 540]; *Hausfelder* v. *Security-First Nat. Bank,* 77 Cal.App.2d 478, 483 [176 P.2d 84]; *Hodges* v. *Porikos,* 88 Cal.App.2d 238, 244 [198 P.2d 577]; *Thompson* v. *Hickman,* 89 Cal.App.2d 356, 361-362 [200 P.2d 84]; *Petersen* v. *Dynes,* 103 Cal.App.2d 5, 11 [228 P.2d 616]; *Roeder* v. *Roeder, supra,* 118 Cal.App.2d 572, 582; *Division of Labor Law Enfmt.* v. *Gifford,* 137 Cal.App.2d 259, 267 [290 P.2d 281]; *New* v. *New,* 148 Cal.App.2d 372, 383-384 [306 P.2d 987]; *De Felice* v. *Tabor,* 149 Cal.App.2d 273, 276 [308 P.2d 377].

v. *Security-First Nat. Bank, supra,* 146 Cal.App.2d 37, 45; *Williams* v. *Williams,* 178 Cal.App.2d 522, 526 [3 Cal.Rptr. 59].)

Briefly, the evidence shows testimony by several witnesses that Elisha, Mae, and both of them together, stated in substance that the agreement found by the court had been made. Mae and Elisha understood that if Mae died first, their property would go to Elisha because it was joint tenancy or community; that if Elisha died first the property would go to her for the same reason; that if she were the survivor the property would pass to respondents without her making a will; but that if he were the survivor it would be necessary for him to have a will to carry out the agreement. This evidence is partly corroborated by Mr. Burke, who was the attorney of Mae and Elisha and now represents appellant. There is also evidence that Mae never made a will, but that Elisha either did, or attempted to, make a will that would carry out the agreement.

■ Appellant points to discrepancies in the testimony, and to the fact that most of it comes from respondent Loyce, her husband and his sister-in-law. Such arguments are properly addressed to the trial court but not to us. We find nothing inherently improbable in the testimony. Mae and Elisha were married for 18 years; Elisha had no children, and respondents became, in effect, his daughters. All of the property involved was accumulated by Mae and Elisha after their marriage and both of them worked during the marriage, Elisha until 1954, or 1955, when his health began to fail, Mae until 1956.

■ It makes no difference that most of the property passed from Mae to Elisha by survivorship upon the termination, by her death, of the joint tenancies. Mae could have severed the joint tenancies and disposed of her severed interests, as well as of her interest in the community property, by will. She did not do so, but permitted all of the property to pass to Elisha. This was performance of the agreement, and estops Elisha from asserting the bar of the statute of frauds. (*Lich* v. *Carlin,* 184 Cal.App.2d 128 [7 Cal.Rptr. 555]; *Notten* v. *Mensing,* 3 Cal.2d 469 [45 P.2d 198]; *Ryan* v. *Welte,* 87 Cal.App.2d 897 [198 P.2d 357]; *Aho* v. *Kusnert,* 12 Cal.2d 687 [87 P.2d 358].) ■ Nor does it matter that Elisha had certain bank accounts transferred to himself before Mae's death. The purpose of the latter transfers was to facilitate payment of expenses of her last illness. This is not, as a matter of law, inconsistent with carrying out the agree-

ment. Appellant, as Elisha's successor, certainly is not a bona fide purchaser for value, either as administratrix or individually.

Appellant relies on the rule that one has a right to revoke a will, citing *Lynch* v. *Lichtenthaler*, 85 Cal.App.2d 437 [193 P.2d 77], and *Estate of Crawford*, 69 Cal.App.2d 607 [160 P.2d 64]. This disregards the estoppel. In *Crawford* the court was careful to point out that there was no estoppel. The views stated in *Lynch* and relied upon here were expressly disapproved by the Supreme Court in *Brown* v. *Superior Court*, 34 Cal.2d 559 [212 P.2d 878]. See also *Brewer* v. *Simpson*, 53 Cal.2d 567 [349 P.2d 289]. ■ There is nothing remarkable in the idea that one can lose, by contract or by contract and estoppel, the right to change his will. (*Rolls* v. *Allen, supra,* 204 Cal. 604, 607.)

■ Finally, it is claimed that the court improperly held that an order in the probate proceeding setting apart exempt property and a probate homestead to appellant is null and void as against respondents. The law is clear, however, that the order of the probate court does not determine the title to estate property as against third persons, not claiming as heirs, devisees or legatees, such as respondents. Jurisdiction to determine such matters is, in a case such as ours, where respondents' title is equitable, in the superior court sitting as a court of equity. It follows, and it has been squarely held, that an order such as the one in question here does not bind respondents in such a case as this. (*Sonnicksen* v. *Sonnicksen,* 45 Cal.App. 2d 46, 58-59 [113 P.2d 495].)

Affirmed.

Bray, P. J., and Tobriner, J., concurred.